Aaron P. Hisel, OSB #161265
*aaron@capitol.legal*
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
Telephone: (503) 480-7250
Fax: (503) 779-2716
Attorney for Defendants City of Grants Pass,
Warren Hensman, and Stephanie Nuttall

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

STEPHEN ERIC FITCH,

Plaintiff,

v.

JOSEPHINE COUNTY; CITY OF GRANTS PASS; CHRIS LANCE BARNETT; ERICH SCHLOEGL; WALLY HICKS; DAVID DANIEL; WARREN HENSMAN; and STEPHANIE T. NUTTALL,

Defendants.

Case No. 1:26-cv-01406-MTK

**DEFENDANTS WARREN HENSMAN AND STEPHANIE NUTTALL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**LR 7-1 CERTIFICATION**

Undersigned counsel for Defendants Warren Hensman and Stephanie Nuttall attempted to confer with Plaintiff by phone on August 11, 2026, but Plaintiff did not answer and undersigned counsel left a voicemail. Undersigned counsel sent an email to Plaintiff on August 12, 2026, but did not receive a response. Therefore, the Court's assistance is required.

## MOTION

Warren Hensman and Stephanie Nuttall move the Court for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's claims against them.

This Motion is supported by the pleadings on file with the court and the following memorandum of law.

### I. Motion to Dismiss Standard

A complaint that "fail[s] to state a claim upon which relief can be granted must be dismissed." *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" are insufficient. *Iqbal*, 566 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court need not accept legal conclusions or mere conclusory statements as true. *Id.* An amendment to the Complaint is futile when there was no deprivation of Plaintiff's constitutional right as a matter of law. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996)).

//

//

//

## II. There Are No Claims or Factual Allegations Asserted Against Either City Attorney Stephanie Nuttall or Chief of Police Warren Hensman, Entitling Them to Dismissal.

Plaintiff's operative Complaint consists of five claims, First Amendment retaliation, First Amendment viewpoint discrimination, Fourteenth Amendment procedural due process, municipal liability, and "retaliatory interference with petitioning, public records, and redress." (ECF 1). None of those claims are asserted against Grants Pass City Attorney Stephanie Nuttall or Chief of Police Warren Hensman, entitling them both to dismissal. *Id.*; *Hunt v. County of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (citing *Trujillo v. Crescent Jewelers*, 243 F.3d 550 (9th Cir. 2000)).

Nor are there any actionable facts alleged against either of these defendants. (ECF 1). The only references to Chief Hensman in the Complaint are to name him as a defendant and requesting preservation of records from him along with a long list of others. (ECF 1, ¶¶ 8, 39, 124). Similarly, the only references to City Attorney Stephanie Nuttall are the same request to preserve records and naming her as a defendant. (ECF 1, ¶¶ 9, 39, 124). Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8, in other words, requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

There are no actionable facts or claims asserted against Chief Warren Hensman or City Attorney Stephanie Nuttall, entitled them both to dismissal.[1]

//

[1] To the extent Plaintiff named Chief Hensman and City Attorney Nuttal in their official capacity, it would be redundant to naming the City. Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n. 55 (1978)). When a government employee is sued in their official capacity, the "suit is, in all respects other than name, to be treated as a suit against the [governmental] entity." *Id.* at 166. The City is concurrently filing an Answer.

## CONCLUSION

For the above reasons, Plaintiff's Complaint against City Defendants Warren Hensman and Stephanie Nuttall should be dismissed.

DATED this 18th day of August, 2026.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Attorney for Defendants City of Grants Pass, Warren Hensman and Stephanie Nuttall

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANTS WARREN HENSMAN AND STEPHANIE NUTTALL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT on:

Stephen Eric Fitch
PO Box 1392
Coos Bay, OR 97420
Plaintiff *pro se*

Grant Stockton
Brisbee & Stockton LLC
139 NE Lincoln Street
Hillsboro, OR 97123
Attorney for Defendants Josephine County, Chris Barnett, Wally Hicks, and David Daniel

Casey Murdock
Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern PC
Larson Creek Professional Center
2592 East Barnett Road
Medford, OR 97504
Attorney for Erich Schloegl

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to plaintiff's last-known email address on the date set forth below;

☒ by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 18th day of August, 2026.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Attorney for Defendants City of Grants Pass, Warren Hensman and Stephanie Nuttall