**CASEY S. MURDOCK, OSB NO. 144914**
Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO, MCGOVERN, P.C.
Larson Creek Professional Center
2592 East Barnett Road
Medford, OR 97504
Telephone: (541) 779-2333
Facsimile:(541) 779-6379
Of Attorneys for Defendant Erich Schloegl

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **STEPHEN ERIC FITCH**, an individual,<br><br>Plaintiff,<br><br>**v.**<br><br>**JOSEPHINE COUNTY**, a government entity; **CITY OF GRANTS PASS**, a government entity; **CHRIS LANCE BARNETT**, an individual; **ERICH SCHLOEGL**, an individual; **WALLY HICKS**, an individual; **DAVID DANIEL**, an individual; **WARREN HESSMAN**, an individual; and **STEPHANIE T. NUTTALL**, an individual,<br><br>Defendants. | Case No. 1:26-cv-01406-MTK<br><br>**DEFENDANT ERICH SCHLOEGL'S RULE 12 MOTIONS AGAINST PLAINTIFF'S COMPLAINT**<br><br>**Fed. R. Civ. P. 12**<br><br>**Oral Argument Requested** |

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, undersigned counsel for Defendant Schloegl certifies that counsel attempted to confer in good-faith with Plaintiff, a *pro se* litigant, on August 15, 2026 by e-mail, on August 17, 2026 by e-mail, and left Plaintiff a voicemail on August 18, 2026. Plaintiff

did not respond. All communications referenced an ongoing need to confer regarding Defendant Schloegl's anticipated motions.

## INTRODUCTION

Plaintiff Stephen Eric Fitch brings this civil rights action under 42 U.S.C. § 1983 against eight defendants, including Defendant Schloegl, asserting five counts: First Amendment retaliation, First Amendment viewpoint discrimination, Fourteenth Amendment due process, municipal liability, and retaliatory interference with petitioning and public records. Plaintiff's Complaint recounts numerous incidents, meetings, records requests, and legal proceedings spanning from 2014 through mid-2026, but fails to identify which claims are asserted against which defendants. As to Defendant Schloegl specifically, the Complaint contains only three factual allegations: first, that Plaintiff "redressed" Defendant Schloegl on November 13, 2025 regarding an alleged "hit list" and threats involving public speakers; second, that Defendant Schloegl allegedly conspired with Defendant Barnett to file "multiple fabricated stalking orders" on January 7, 2026; and third, that a stalking order filed by Defendant Schloegl was denied on February 9, 2026. The Complaint does not allege that Defendant Schloegl personally engaged in any conduct violating Plaintiff's constitutional rights, does not specify which of the five counts apply to him, and does not link any adverse action by Defendant Schloegl to any protected activity by Plaintiff with sufficient factual content to state a plausible claim. The Complaint must be dismissed under Rule 12(b)(6) because it fails to plead facts plausibly showing that Defendant Schloegl violated Plaintiff's constitutional rights. In the alternative, the Complaint is so vague and ambiguous as to which claims are asserted against Defendant Schloegl, and on what factual basis, that Defendant Schloegl cannot reasonably prepare a responsive pleading and a more



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

definite statement should be required under Rule 12(e).

## ALLEGATIONS IN THE COMPLAINT

The Court accepts the well-pleaded factual allegations of the Complaint as true on a Rule 12(b)(6) motion. Accordingly: Defendant Schloegl was at all relevant times the Grants Pass City Council Ward 3 Representative acting under color of state law. *Compl.* (*ECF No. 1*), ¶ 5. Plaintiff alleges that on or about November 13, 2025, Plaintiff "redressed" the City of Grants Pass, Defendant Schloegl, Josephine County, and County Commissioners regarding an alleged "hit list" and threats involving public speakers. *ECF No. 1*, ¶ 45. Plaintiff alleges that the alleged hit list, "targeted citizens who spoke at public meetings, recall supporters, and people engaged in protected public participation publicly labeling them as KKK and on public record (case #26-sk-00067)." *ECF No. 1,* ¶ 46 (Plaintiff identifies that case number as the stalking-order matter). Plaintiff further alleges that on or about January 7, 2026, Defendant Barnett and Defendant Schloegl "conspired to file multiple fabricated stalking orders" against Plaintiff. *ECF No. 1,* ¶ 57. Plaintiff alleges that the stalking order relied on "protected speech, public comments, public-meeting attendance, social-media activity, notices, complaints, and petitioning activity as if those lawful actions created a fear-of-life situation." *ECF No. 1,* ¶ 59. On or about February 9, 2026, the (single) stalking order filed by Defendant Schloegl was denied. *ECF No. 1,* ¶ 66. Plaintiff does not allege any other conduct by Defendant Schloegl.

The Complaint does not allege that Defendant Schloegl removed Plaintiff from any public meeting, physically restrained or arrested Plaintiff, withheld public records from Plaintiff, obstructed Plaintiff's public-records appeal, or personally took any other adverse action against Plaintiff beyond the filing of the stalking order. The Complaint also does not identify which of



**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

the five counts are asserted against Defendant Schloegl.

## LEGAL STANDARD

### I. Plaintiff Failed to Plausibly Allege a Constitutional Violation by Schloegl.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,* 146 S. Ct. 1391, 1399 (2026); *citing, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully; factual allegations must be enough to raise a right to relief above the speculative level. *Hikma Pharms. USA Inc*., 146 S. Ct. at 1399. When evaluating a motion to dismiss, the court must distinguish between well-pleaded factual allegations, which are accepted as true, and legal conclusions or threadbare recitals of the elements of a cause of action, which are not entitled to the presumption of truth. *Ashcroft*, 556 U.S. at 676. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Nayab v. Capital One Bank USA*, 942 F.3d 480, 496 (9th Cir. 2019). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Hikma Pharms. USA Inc*., 146 S. Ct. at 1399.

#### A. No Facts Establish Personal Participation by Defendant Schloegl in Any Constitutional Violation

In a § 1983 action, vicarious liability does not apply; each government official is only



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

liable for his or her own misconduct. *Ashcroft*, 556 U.S. at 676. A plaintiff must plead that each official defendant, through their own individual actions, has violated the Constitution. *Id.* In other words, the Court rejected supervisory liability for high-ranking officials in § 1983 suits and required that each official be alleged to have personally engaged in unconstitutional conduct. *Id.*

The only substantive allegations concerning Defendant Schloegl are that he maintained an alleged "hit list" related to KKK supporters and that he somehow "conspired" with Defendant Barnett to file allegedly false stalking orders against Plaintiff, which were later denied. Plaintiff believes this conduct – which is absolutely privileged under state law - was retaliation for his protected speech. However, Plaintiff does not identify which claims are alleged against Defendant Schloegl. The Complaint does not allege that Defendant Schloegl removed Plaintiff from any public meeting, denied Plaintiff access to public records, refused to process Plaintiff's public-records appeal, or took any adverse action other than filing a stalking order in state court. The Complaint does not allege facts showing that Defendant Schloegl personally deprived Plaintiff of any constitutional right. The filing of a stalking order in state court was denied, which negates any inference of a Constitutional deprivation. Furthermore, the alleged "hit list" is not connected to any specific adverse action by Defendant Schloegl, and the Complaint does not allege that Defendant Schloegl used the list to take any action against Plaintiff. Without factual allegations showing that Defendant Schloegl personally took adverse action against Plaintiff that deprived him of a constitutional right, the Complaint fails to state a claim against Defendant Schloegl.

**B. No Facts Establish First Amendment Retaliation as to Defendant Schloegl**

A First Amendment retaliation claim requires a plaintiff to allege that he engaged in



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

protected First Amendment activity, that government officials took adverse action against him, and that the protected activity was a substantial or motivating factor for the adverse action. *O'Brien v. Welty*, 818 F3d 920, 932 (9th Cir. 2016). The only adverse action attributed to Defendant Schloegl is the filing of a stalking order that was subsequently denied. The Complaint does not allege facts showing a causal connection between any protected activity by Plaintiff and the filing of the stalking order by Defendant Schloegl. The Complaint alleges that the stalking order "relied on protected speech, public comments, public-meeting attendance, social-media activity, notices, complaints, and petitioning activity," but this allegation is conclusory because it never identifies a concrete factual basis plausibly prompting Defendant Schloegl to retaliate. Nor do the allegations plausibly show that Defendant Schloegl filed the stalking order in retaliation for Plaintiff's protected activity rather than out of a genuine belief, mistaken or not, that Plaintiff's conduct created a fear-of-life situation.

Moreover, the stalking order was denied by the state court. The denial of the stalking order undermines any inference that Defendant Schloegl's filing of the order was a retaliatory adverse action that would chill a person of ordinary firmness from continuing to engage in protected activity. It has clearly done the opposite. The Complaint does not allege that Plaintiff suffered any injury as a result of Defendant Schloegl's filing of the stalking order beyond the task of defending against it, and the state court's denial of the order confirms that Plaintiff prevailed. The Complaint thus fails to plead facts plausibly showing that Defendant Schloegl retaliated against Plaintiff for engaging in protected First Amendment activity.

### C. Defendant Schloegl Did Not Engage in Viewpoint Discrimination

Plaintiff alleges that he was targeted, removed, restrained, or burdened because of his



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

viewpoint, his criticism of public officials, his redress activity, his recall-related activity, and his insistence on government accountability. Plaintiff notes Ninth Circuit authority stating public officials may enforce rules against actual disruption, but they may not remove or punish protected non-disruptive speech merely because it is critical, disfavored, or uncomfortable. The Complaint does not allege that Defendant Schloegl removed Plaintiff from any public meeting or restricted Plaintiff's participation in any public forum. The only conduct attributed to Defendant Schloegl is the filing of a stalking order and some tie to an alleged "hit list." The filing of a stalking order in state court is not a public-forum restriction, and the Complaint does not allege that Defendant Schloegl used the alleged "hit list" to exclude Plaintiff from any public meeting or to discriminate against Plaintiff based on his viewpoint. Without factual allegations showing that Defendant Schloegl restricted Plaintiff's access to a public forum or unconstitutionally discriminated against Plaintiff based on his viewpoint, the Complaint fails to state a claim for viewpoint discrimination against Defendant Schloegl.

### D. No Procedural Due Process Violation Claim Exists Against Defendant Schloegl

Plaintiff alleges that governmental action affecting his liberty, movement, reputation, public participation, access to public meetings, public-records review, and ability to obtain evidence occurred without constitutionally adequate notice and without a meaningful opportunity to be heard. It is unclear what he means. The Fourteenth Amendment prohibits a state or local government from depriving a person of liberty or property without due process of law. The Complaint does not allege that Defendant Schloegl deprived Plaintiff of any protected liberty or property interest without due process. The only conduct attributed to Defendant Schloegl is the



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

filing of a stalking order in state court, and Plaintiff alleges that he had a trial on the stalking order on February 3, 2026 and that the stalking order was denied on February 9, 2026. The state court proceeding provided Plaintiff with notice and an opportunity to be heard, and Plaintiff prevailed. The Complaint does not allege that Defendant Schloegl withheld public records from Plaintiff or refused to process Plaintiff's public-records appeal. Without factual allegations showing that Defendant Schloegl deprived Plaintiff of a protected interest without adequate process, the Complaint fails to state a due process claim against Defendant Schloegl.

### E. Defendant Schloegl Did Not Interfere with Petitioning or Public Records Processing

Plaintiff also alleges retaliatory interference with petitioning, public records, and redress. Plaintiff alleges that his public-records requests, appeal to the District Attorney, demand for legal authority, complaints, notices, and preservation demands were protected petitioning and redress activity under the First Amendment. Plaintiff alleges that his public-records appeal and DA FOIA materials were refused, not accepted, not routed, not processed, not date-stamped, not time-stamped, or not acknowledged multiple times. The Complaint does not allege that Defendant Schloegl had any role in refusing to accept, route, process, or acknowledge Plaintiff's public-records appeal or DA FOIA materials. The Complaint alleges that the refusals were by the Josephine County District Attorney's Office and Court Clerk Thomas Gray. The Complaint does not allege that Defendant Schloegl, as a Grants Pass City Council representative, had any authority over Josephine County's public-records process or any involvement in the alleged refusals. Without factual allegations showing that Defendant Schloegl personally interfered with Plaintiff's public-records requests or petitioning activity, the Complaint fails to state a claim



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

under Count V against Defendant Schloegl.

Based on the foregoing, Defendant Schloegl requests dismissal with prejudice.

## II. In the Alternative, the Complaint Should be Made More Definite and Certain

The Federal Rules provide that "[a] party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are concededly disfavored; however, Defendant Schloegl should be aware of the facts and claims alleged against him. This notice is foundational to complaints in federal court.

The Complaint consists of five claims but does not identify which claims are asserted against which defendants. The Complaint recounts numerous incidents, meetings, records requests, and legal proceedings spanning more than a decade, but contains only three factual allegations concerning Defendant Schloegl. A defendant is entitled to fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp.*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). The Complaint does not provide Defendant Schloegl with fair notice of which claims are asserted against him or the factual basis for those claims.

Here, the Complaint does not identify which of the five counts or claims apply to him and does not allege sufficient facts to put him on notice of the basis for each claim. If Defendant Schloegl's Motion to Dismiss is denied, or if Plaintiff is given leave to amend in as a result of that motion, the Court should require Plaintiff to file a more definite statement specifying: (1) which of the five counts are asserted against Defendant Schloegl; (2) what conduct by Defendant Schloegl forms the basis for each count; (3) what protected activity by Plaintiff each count relies upon; and (4) how Defendant Schloegl's conduct violated Plaintiff's constitutional rights.



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## CONCLUSION

The Complaint fails to plead facts plausibly showing that Defendant Schloegl violated Plaintiff's constitutional rights. The Complaint does not allege that Defendant Schloegl personally participated in any conduct depriving Plaintiff of a constitutional right, does not specify which claims are asserted against Defendant Schloegl, and does not link any adverse action by Defendant Schloegl to any protected activity by Plaintiff with sufficient factual content to state a plausible claim. The Complaint should be dismissed under Rule 12(b)(6).

In the alternative, if the Court does not dismiss the Complaint, or if it gives Plaintiff the opportunity to amend, the Court should require Plaintiff to file a more definite statement under Rule 12(e) identifying which claims are asserted against Defendant Schloegl and the factual basis for each claim.

DATED this 19th day of August 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.

By: *<u>/s/ Casey S. Murdock</u>*
Casey S. Murdock, OSB #144914
Murdock@fdfirm.com
*Of Attorneys for Defendant Erich Schloegl*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S RULE 12 MOTIONS AGAINST PLAINTIFF'S COMPLAINT** upon:

Stephen Eric Fitch
PO Box 1392
Coos Bay, OR 97420
Plaintiff pro se

Grant Stockton
Brisbee & Stockton LLC
139 NE Lincoln Street
Hillsboro, OR 97123
Attorney for Defendants Josephine County,
Chris Barnett, Wally Hicks, and David Daniel

Aaron Paul Hisel
Capitol Legal Services
901 Capitol St., NE
Salem, OR 97301
Attorney for Defendants City of Grants Pass,
Warren Hensman, and Stephanie Nuttal

☒ by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☒ by mailing to said attorney a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorney at said attorney's last known address and deposited in the post office at Medford, Oregon, on the date set forth below.

☐ by personally handing said attorney a copy thereof, certified by me as such, on the date set forth below.

☐ by faxing to said attorney a copy thereof, certified by me as such, during normal office hours, addressed to said attorney at said attorney's last known facsimile number as indicated above. Proof of such transmission is attached hereto.

Dated this 19th day of August 2026.

*/s/ Casey S. Murdock*
Casey S. Murdock, OSB #144914
*Of Attorneys for Defendant Erich Schloegl*



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333