Grant D. Stockton, OSB #024652
gds@brisbeeandstockton.com
**BRISBEE & STOCKTON LLC**
139 N.E. LINCOLN STREET
P.O. BOX 567
HILLSBORO, OREGON 97123
Phone: (503) 648-6677
Fax: (503) 648-1091

Attorney for Defendants David Daniel, Josephine County, Wally Hicks, and Chris Barnett

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| STEPHEN ERIC FITCH,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPHINE COUNTY, CITY OF GRANTS PASS; CHRIS LANCE BARNETT; ERICH SCHLOEGL; WALLY HICKS; DAVID DANIEL; WARREN HENSMAN; AND STEPHANIE T. NUTTALL,<br>Defendants. | Case No. 1:26-cv-01406-MTK<br><br>**DEFENDANT DAVID DANIEL'S MOTION TO DISMISS**<br><br>(Oral Argument Requested) |

**COMES NOW** Defendant David Daniel ("Defendant Daniel") and files this motion under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Steven Fitch's Complaint against him. ECF 1.

**LR-7 CERTIFICATION**

The undersigned represents that counsel for Defendant David Daniel attempted to confer with Plaintiff via telephone on August 18, 2026, but Plaintiff did not answer and

associate counsel, Rachel Burns, left a voicemail. Ms. Burns also sent electronic mail on the same day, and Plaintiff responded via email. Plaintiff would not agree to dismiss Defendant David Daniel, requiring the filing of this Motion.

## MOTION

Defendant Daniel moves the Court for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's claims against him. This motion is based upon the pleadings on file with the Court as well as the following memorandum of law.

## MEMORANDUM OF LAW

### I. Allegations

Plaintiff's Complaint is based on allegations of civil rights violations under 42 USC § 1983, specifically First Amendment retaliation and viewpoint discrimination.[1] ECF 1. In addition, he alleges a due process violation under the Fourteenth Amendment. *Id.*

Defendant Daniel is and has been the Sheriff of Josephine County at all times relevant to the present lawsuit. Plaintiff directs no allegations toward Defendant Daniel in any of the claims within his 31-page Complaint. Plaintiff alleges one fact that could not be construed as an allegation concerning the Sheriff's Office, stating that "the Sheriff's Office would not issue a trespass notice because no crime had been committed." ECF 1, ¶ 48. The Complaint only mentions Defendant Daniel by name in the final section where Plaintiff requests "preservation of all records connected to" a long list of individuals. ECF 1, ¶ 38, p. 26.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] As well, Plaintiff brings a claim for "Public Records/Redress Retaliation" which appears to be within the scope of his First Amendment claims.



BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. Lincoln Street, P.O. Box 567
Hillsboro, Oregon 97123
Telephone (503) 648-6677
Fax (503) 648-1091

In sum, there are no actionable facts or claims asserted against Defendant Daniel, entitling him to a dismissal.[2]

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a pleading, the court is bound to the allegations within the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (2019). Pleadings filed by a *pro se* plaintiff are liberally construed on a motion to dismiss. *Capp v. City of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

The tenet that the Court must accept as true for all the allegations contained in the complaint "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, conclusory, vague, or "threadbare" allegations of official participation nor conspiracy in civil rights violations are insufficient to withstand a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 555); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (finding dismissal can be based on "the absence of sufficient facts alleged under a cognizable legal theory").

/ / /

/ / /

/ / /

[2] To the extent Plaintiff named Defendant Daniel in his official capacity, it would be redundant to name Josephine County. Official capacity lawsuits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). When a government employee is sued in their official capacity, the "suit is, in all respects other than name, to be treated as a suit against the [governmental] entity." *Id.* at 166. Defendant Josephine County is concurrently filing an Answer.



BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. Lincoln Street, P.O. Box 567
Hillsboro, Oregon 97123
telephone (503) 648-6677
fax (503) 648-1091

### III. Argument

To state a civil rights claim under 42 USC § 1983, a plaintiff must allege specific facts demonstrating that each named defendant was personally involved in the deprivation of their constitutional rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

As established above, Plaintiff has failed to allege any facts which would support his allegations that Defendant Daniel violated his First Amendment rights or any specific proceedings in which Defendant Daniel violated his Due Process rights.

## CONCLUSION

For the foregoing reasons, Defendant Daniel asks this Court to dismiss Plaintiff's claims against him with prejudice and award to Defendant Daniel all other relief to which he is entitled.

DATED this 19th day of August, 2026.

BRISBEE & STOCKTON LLC

By: */s/Grant D. Stockton*

Grant D. Stockton, OSB #024652
gds@brisbeeandstockton.com
Attorney for Defendants David Daniel, Josephine County, Wally Hicks, and Chris Barnett



BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I served the foregoing **DEFENDANT DAVID DANIEL'S MOTION TO DISMISS** on the following parties by the methods indicated below:

Mr. Stephen Eric Fitch
PO Box 1392
Coos Bay, OR 97420
Email: stephenfitch69@yahoo.com

Pro Se Plaintiff

☒ Court's Case Management / Electronic Case File system
☒ Email
☐ Fax
☒ First-Class Mail

Mr. Casey Murdock
Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern PC
Larson Creek Professional Center
2592 East Barnett Road
Medford, OR 97504
Email: murdock@fdfirm.com

Attorney for Erich Schloegl

☒ Court's Case Management / Electronic Case File system
☒ Email
☐ Fax
☐ First-Class Mail

Mr. Aaron Paul Hisel
901 Capitol St., NE
Salem, OR 97301
Email: aaron@capitol.legal

Attorney for Defendants City of Grants Pass, Warren Hensman, and Stephanie Nuttal

☒ Court's Case Management / Electronic Case File system
☒ Email
☐ Fax
☐ First-Class Mail

DATED this 19th day of August, 2026.

*/s/Grant D. Stockton*
Grant D. Stockton, OSB #024652
gds@brisbeeandstockton.com
Attorney for Defendants David Daniel, Josephine County, Wally Hicks, and Chris Barnett



BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. Lincoln Street, P.O. Box 567
Hillsboro, Oregon 97123
Telephone (503) 648-6677
Fax (503) 648-1091